**THOMAS L. COX, JR.**
4934 Tremont
Dallas, Texas 75214
(469) 531-3313
tcox009@yahoo.com

December 16, 2010

FILED _____ ENTERED
LOGGED _____ RECEIVED

DEC 20 2010

CLERK U.S. DISTRICT COURT
DISTRICT OF MARYLAND

BY ____ DEPUTY

Clerk, U.S. District Court
District of Maryland
101 W. Lombard Street
Baltimore, MD 21201

    Re:    Case 04-md-15863; *IN RE: ALLIANZ MUTUAL FUNDS SETTLEMENT* (MDL 1586)

Dear Sir or Madam:

    Enclosed for filing in the above-referenced cause is Kimberly J. Clifton's Objection to Proposed Settlement, Objection to Attorneys' Fees Request, Notice of Intention to Appear and Request to Speak at the Hearing. Please return a filed copy in the envelope provided for your convenience.

    By copy of this letter, I am forwarding a copy of the above Objection to Robert Kornreich.

    Thank you for your assistance. If you have any questions, please call me.

                                                 Yours truly,

                                               Thomas L. Cox, Jr.

Enclosures
cc:    Robert M. Kornreich
        Wolf Popper LLP
        845 Third Avenue
        New York, NY 10022

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| IN RE: MUTUAL FUNDS INVESTMENT § <br> LITIGATION § <br> _____§ <br> § <br> IN RE: ALGER, COLUMBIA, JANUS, § <br> MFS, ONE GROUP, PUTNAM AND § <br> ALLIANZ DRESDNER § <br> § <br> § <br> § <br> § <br> § <br> § | MDL 1586 <br><br> Case No. 04-md-15863 <br> (Judge Motz) <br><br> **KIMBERLY J. CLIFTON'S OBJECTION TO PROPOSED SETTLEMENT, OBJECTION TO ATTORNEYS' FEES REQUEST NOTICE OF INTENTION TO APPEAR AND REQUEST TO SPEAK AT THE HEARING** |

TO THE HONORABLE DISTRICT JUDGE:

COMES NOW **Kimberly J. Clifton** ("Objector") and files these Objections to the Proposed Settlement, Objection to Attorneys' Fees, Notice of Intent to Appear and Request to Speak at the Hearing, and would show the Court as follows:

**1.   Objector is a Class Member**

Objector declares under penalty of perjury under the laws of the United States of America and Texas that the following statements are true and correct:

(a)   Objector is a member of the class.

(b)   During the period between October 1, 2001 and December 31, 2001, Objector

   owned:

   452.960 shares of SB Money funds Cash Port CL A
    50.000 shares of NASDAQ 100 Trust Ser 1
    66.000 shares of Symbol: QQQ
   591.346 shares of PIMCO Innovation Fund Class B

   (See Exhibit "1" attached hereto.)

(c) The parties sent to Objector a notice of the class settlement, with a claim form. the notice was received by Objector after September 21, 2010. (See Exhibit "2" attached hereto.)

(d) Objector objects to the Settlement in *In Re: Allianz Mutual Funds Settlement*.

**2. Notice of Intention to Appear and Request to Speak at the Hearing**

Objector intends to appear at the hearing, if any.[1] Objector requests that she be allowed to appear in person or through counsel at the final approval hearing to talk about these objections, and to otherwise participate in the final approval hearing.

**3. Objection to Notice**

Objector received the postcard notice only after the date to opt out or object had passed. The notice received is defective because it fails to advise Objector of the Court's Order of October 18, 2010 allowing an additional period to either opt out or object to the settlement. Only be going to the settlement website was Objector able to determine that she could still object. It is likely that many people who received a notice late will take no further action. For class members who received notice after September 21, 2010, a completely new notice should have been issued to actually inform the class members of the actual, pertinent dates. The notice fails to meet minimum due process standards and is fundamentally defective.

**4. Objections to the Settlement**

**A. Adequacy of Class Compensation**

The "formula" for compensation devised by counsel is confusing to Objector. However, if Objector's calculations are correct, only those class members owning a substantial number of shares are compensated. The next subclass members receive nothing. Such compensation is grossly unfair, and, in fact, it should be the reverse. That is, all class members should receive a

---

[1] Court Order of October 18, 2010, document 3504-1, concerning the necessity for a further Fairness Hearing.

minimum payment of ten dollars. Objector herein owns substantially less than the number of shares necessary to receive any compensation.

Class counsel and defendants know how many class members will receive a payment and how many will not. That would be important for the Court and the Objector to know when determining the formula for reimbursement.

The proposed settlement is grossly unfair to the subclass owning less than the minimum number of shares to receive compensation. In return for nothing, the defendants receive a full release from any and all claims held by these class members. Yet, on information and belief, these class members are the ones suffering the greatest loss.

Although it is true that class settlements have been approved with small portions of the class receiving nothing, it is also true, as in *Mirfasihi v. Fleet Mortgage*, 356 F.3d 781 (7th Cir. 2004), that where a substantial minority or even the majority, receives no benefit, the settlement has been disapproved. In *Fleet Mortgage*, "The district judgment has approved a handsome fee for the class lawyers . . .despite the meagerness of the relief agreed to in settlement. . . . Would it be too cynical to speculate that where may be going on here is that class counsel wanted a settlement that would give them a generous fee and that Fleet wanted a settlement that would extinguish 1.4 million claims against it."

### B. Objection to Class Representative

Guiding principles in selecting class representatives are:

(1) The class must have a "conscientious representative Plaintiff." *Rand v. Monsanto*, 926 F.2d 596, 599 (7th Cir. 1991); and

(2) . . .class representative must . . ."fairly and adequately protect the interest of the class." Rule 23(a)(4).

A conflict of interest must not exist between the named Plaintiffs and the class. *Meridith v. Mid-Atlantic*, 129 F.R.D. 130, 133.

In this case, where a fairness hearing has already been held, the lead Plaintiffs may have suffered the same type of damage, but the number of shares is substantially different. More importantly, the proposed settlement shows clearly the imprint of partiality and self-dealing on the part of the class representatives as they are the primary beneficiaries. The Court must consider disparate relief granted to different subclasses of investors or if any of the class representatives were members of the subclass disadvantaged by the settlement.

If in advancing their own interests the named plaintiffs had also advanced the interests of the class, their burden would have been met. Unfortunately, they did not.

It has long been the law that "An absent class member will not be bound to a judgment wherein he was not adequately represented." *Hornsberry v. Lee*, 311 U.S. 32 (40). Here, the interests of the largest shareholder is advanced at the expense of the smaller investors. The settlement should not be approved.

C. **Objections to the Proposed Attorneys Fees**

(1) **Legal Standards**

Attorney fees in class actions require particular scrutiny. MANUAL FOR COMPLEX LITIGATION 4th § 13.24, pp. 180 - 182. It is especially "problematic when settlement negotiations involving attorney fees are conducted simultaneously with negotiations on the merits."

Although the practice of negotiating lump sum settlements is not prohibited, it "should be reviewed for fairness of the allocation between damages and attorney fees." (*Id.*) Since, "[i]n complex litigation. . .there is often no traditional client with the authority to negotiate the rate at which attorneys are to be paid." MANUAL FOR COMPLEX LITIGATION 4th § 14. Therefore, the

Court should carefully scrutinize any attorney fee request . Additionally, FED. R. CIV. P. 23 requires that class action attorney fees must be "reasonable."

"In a class action settlement, the district court has an independent duty under Federal Rule of Civil Procedure 23 to the class and the public to ensure that attorneys' fees are reasonable and divided up fairly among plaintiffs' counsel. *See, e.g., Strong [v. Bellsouth Telecomms., Inc.*, 137 F.3d 844, 850 (5th Cir. 1998)] 137 F. 3d at 849 ("To fully discharge its duty to review and approve class action settlement agreements, a district court must assess the reasonableness of the attorneys' fees."); MANUAL FOR COMPLEX LITIGATION 4th § 14.11. ("The court must distribute the [fee award] among the various plaintiffs' attorneys, which may include class counsel, court-designated lead and liaison counsel, and individual plaintiff's counsel."). The court's duty to review attorneys' fees is no less compelling in common fund cases, like this case, where a separate fund to pay attorneys' fees is created as part of the class action settlement. *See e.g., Strong*, 137 F.3d at 849.

The district court's close scrutiny of fee awards serves to "protect the nonparty members of the class from unjust or unfair settlements affecting their rights as well as to minimize conflicts that may arise between the attorney and the class, between the named plaintiffs and the absentees, and between various subclasses." *Id.* (internal quotations and citations omitted.) The court's review also "guards against the public perception that attorneys exploit the class action device to obtain large fees at the expense of the class." *Id.* (citing *In re GM Trucks,* 55 F.3d at 820 (emphasizing that the "court's oversight function" serves to deflect the "potential public misunderstandings that may cultivate in regard to the interests of class counsel") (internal quotations an citations omitted); *Foster v. Boise-Cascade, Inc.*, 420 F. Supp. 674, 680 (S.D. Tex. 1976), aff'd 577 F.2d 335 (5th Cir. 1978) (explaining that the court has the "obligation in

any Rule 23 class action to protect [the class action device] from misuse" because the "most commonly feared abuse is the possibility that Rule 23 encourages strike suits promoted by attorneys who simply are seeking fat fees")(internal quotations and citations omitted.)).

To fulfill its duty, "the district court must not cursorily approve the attorneys' fee provision of a class settlement or delegate that duty to the parties." *Strong*, 137 F.3d at 850. Although exacting judicial review of fee applications may be burdensome, it is "necessary to discharge the [court's] obligation to award fees that are reasonable and consistent with governing law." MANUAL FOR COMPLEX LITIGATION § 14.231 (4th ed. 2004.)

Although 25% of a common fund seems to be a typical benchmark, such benchmarks are subject to considerable fluctuation and should be applied, if at all, with the caveat that "[t]he benchmark percentage should be adjusted, replaced by a lodestar calculation, when special circumstances indicate that the percentage recovery would be either too small or too large in light of the hours devoted to the case or other relevant factors." *See Six (6) Mexican Workers v. Ariz. Citrus Growers*, 904 F.2d 1301, 1311 (9th Cir. 1990).

When the settlement fund *vis-a-vis* the pool of potential class members is (1) small and (2) where actual common benefit is difficult to determine and, for some of the class members, non-existent, the "normal" percentage fee should be reduced.

Factors to be considered by the Court in setting attorney fees are:

- the size of the fund and the number of persons who actually receive monetary benefits;

- any understandings reached with counsel at the time of appointment concerning the amount or rate for calculating fees; any budget set for the litigation; or other terms proposed by counsel or ordered by the court;

- any agreements or understandings, including side agreements, between attorneys and their clients or other counsel involved in the litigation;

- any substantial objections to the settlement terms or fees requested by counsel for the class by class members (it is, however, a court's duty to scrutinize applications for fees, independently of any objection) -- in the appropriate case, a court has authority to award fees to an objector that assists the court in scrutinizing the settlement, the fee requests, or

- the skill and efficiency of the attorneys;

- the complexity and duration of the litigation;

- the risks of nonrecovery and nonpayment.

WHEREFORE, Objector prays that the Court deny the proposed settlement, deny certification of the settlement class, deny the requested fees to Class Counsel and grant Objector such other and further relief as to which Objector may be entitled.

*/s/ Thomas L. Cox, Jr.*
Thomas L. Cox, Jr.
S. B. 04964400
4934 Tremont
Dallas, Texas 75214
(469) 531-3313
FAX: (214) 855-7878
tcox009@yahoo.com

Certificate of Service

I hereby certify that a copy of the above and foregoing document has been filed and served on the 16th day of December, 2010 as follows:

Clerk, U.S. District Court
District of Maryland
101 W. Lombard Street
Baltimore, MD 21201

Robert M. Kornreich
Wolf Popper LLP
845 Third Avenue
New York, NY 10022

*/s/ Thomas L. Cox, Jr.*
Thomas L. Cox, Jr.

# SALOMON SMITH BARNEY
A member of citigroup

**Preferred Client**
**Individual Retirement Account**
October 1 - December 31, 2001

Page 3 of 5

Ref: 00000643 00014463

Exh. "1"

KIMBERLY J CLIFTON    Account number ▓▓▓▓▓▓

## Portfolio details   The values of your holdings are as of 12/31/01.

Dividend yield is the estimated annual income, assuming the current dividend, divided by the security's market price at the end of the statement period. Salomon Smith Barney Inc. does not guarantee the accuracy of prices reflected on the statement nor do these prices represent levels at which securities can be bought or sold.

Research ratings of Salomon Smith Barney Inc., Standard & Poor's and Moody's Investors Service may be shown for certain securities. All research ratings represent the "opinions" of the research provider and should not be construed as representations or guarantees of performance. Your Financial Consultant will be pleased to provide you with further information or assistance in interpreting research ratings.
Please note, unrealized gain/(loss) is being prepared for informational purposes only and should not be used for tax preparation without the assistance of your tax advisor.

### Money funds

| Number of shares | Description | Current value | Accrued dividends | Annualized % dividend Yield/Anticipated Income (annualized) |
|---|---|---|---|---|
| 452.96 | SB MONEY FUNDS CASH PORT CL A | $ 452.96 | | 1.55%<br>$ 7.02 |
| **Total money funds** | | **$ 452.96** | **$ 0.00** | **1.54**<br>**$ 7.02** |

### Closed end funds

Closed end investment companies are grouped below by Salomon Smith Barney portfolio designations. Gain/Loss is provided to assist in tax preparation. It is not intended to calculate investment returns or performance.

| Quantity | Description | Date acquired | Cost | Share cost | Current share price | Current value | Unrealized gain/(loss) | | Average % Yield/Anticipated Income (annualized) |
|---|---|---|---|---|---|---|---|---|---|
| 50 | NASDAQ 100 TRUST SER 1 | 12/20/99 | $ 4,300.96 | $ 84.00 | $ 38.91 | $ 1,945.50 | ($ 2,355.46) | LT | |
| 66 | SYMBOL: QQQ<br>Equity portfolio | 12/22/99 | 5,973.33 | 88.796 | 38.91 | 2,568.06 | (3,405.27) | LT | |
| 116 | | | 10,274.29 | 88.571 | | 4,513.56 | (5,760.73) | | |
| Total closed end fund equity allocation | | | | | | $ 4,513.56 | | | |
| **Total closed end funds** | | | **$ 10,274.29** | | | **$ 4,513.56** | **$ 0.00 ST**<br>**($ 5,760.73) LT** | | **$ 0.00** |

### Mutual funds

Yield is the current distribution annualized, divided by the fund's net asset value at the end of the statement period. Distributions may consist of income, capital gains or the return of capital. Distributions and current dividend for funds not sponsored by Salomon Smith Barney are based upon information provided by an outside vendor and are not verified by Salomon Smith Barney. "Total Value (Tax Based)" is being provided for information purposes only. "¹Fund Performance", when shown, is provided to assist you in comparing your total investment, excluding reinvested distributions, with the current value of the fund's shares in your account. "Fund Performance" does not take into account cash distributions.

| Number of shares | Description | Date acquired | Cost | Share cost | Current share price | Current value | Unrealized gain/(loss) | | Yield/Anticipated Income (annualized) |
|---|---|---|---|---|---|---|---|---|---|
| 591.348 | PIMCO INNOVATION FUND CLASS B | 05/28/99 | $ 19,000.00 | $ 32.13 | $ 21.22 | $ 12,548.40 | ($ 6,451.60) | LT | |
| 141.11 | | 03/09/00 | 13,500.00 | 95.67 | 21.22 | 2,994.35 | (10,505.65) | LT | |

# SALOMON SMITH BARNEY
A member of citigroup

**Preferred Client**
**Individual Retirement Account**
Page 4 of 5

Ref: 00000643 00014464

October 1 - December 31, 2001

KIMBERLY J CLIFTON        Account number

## Mutual funds *continued*

| Number of shares | Description | Date acquired | Cost | Share cost | Current share price | Current value | Unrealized gain/(loss) | | Yield/Anticipated Income (annualized) |
|---|---|---|---|---|---|---|---|---|---|
| | PIMCO INNOVATION FUND CLASS B | | | | | | | | |
| 732.458 | Total Purchases | | $ 32,500.00 | $ 44.37 | $ 21.22 | $ 15,542.75 | ($ 16,957.25) | | |
| 179.502 | Reinvestments to date | | 8,879.71 | 49.468 | 21.22 | 3,809.03 | (5,070.68) | LT | |
| .01 | Reinvestments to date | | .23 | 23.00 | 21.22 | .21 | (.02) | ST | |
| 911.97 | Total Value (Tax based) | | 41,379.94 | 45.374 | | 19,351.99 | (22,027.95) | | |
| | Fund Performance | | 32,500.00 | | | 19,351.99 | (13,148.01)[1] | | |
| **Total mutual funds (Tax based)** | | | **$ 41,379.94** | | | **$ 19,351.99** | ($ .02) ST | | |
| | | | | | | | ($ 22,027.93) LT | | $ 0.00 |
| **Total portfolio value** | | | **$ 52,107.19** | | | **$ 24,318.51** | ($ .02) ST | | .02 |
| | | | | | | | ($ 27,788.66) LT | | $ 7.02 |

### Transaction details
*All dates of transactions appearing on this statement are settlement dates.*

## Investment activity

| Date | Activity | Description | Quantity | Price | Amount |
|---|---|---|---|---|---|
| 12/17/01 | Reinvest | PIMCO INNOVATION FUND CLASS B | .01 | $ 23.11 | $ -.23 |
| **Total securities bought and other subtractions** | | | | | **$ -.23** |
| **Total securities sold and other additions** | | | | | **$ 0.00** |

### Earnings details
*The tax status of earnings is reliable to the best of our knowledge. Taxable and non-taxable designations refer to the federal income tax status of your securities, not of your account.*

## Money funds earnings

| Date | Description | Comment | Taxable | Non-taxable | Amount |
|---|---|---|---|---|---|
| 10/12/01 | SB MONEY FUNDS CASH PORT CL A | REINVESTED FOR PERIOD 09/17/01-10/14/01 28 DAYS AVERAGE YIELD 2.73 %. | $ .92 | | $ .92 |
| 11/09/01 | SB MONEY FUNDS CASH PORT CL A | REINVESTED FOR PERIOD 10/15/01-11/11/01 28 DAYS AVERAGE YIELD 2.24 %. | .81 | | .81 |
| 12/14/01 | SB MONEY FUNDS CASH PORT CL A | REINVESTED FOR PERIOD 11/12/01-12/16/01 35 DAYS AVERAGE YIELD 1.83 %. | .77 | | .77 |
| 12/31/01 | SB MONEY FUNDS CASH PORT CL A | REINVESTED FOR PERIOD 12/17/01-01/01/02 16 DAYS AVERAGE YIELD 1.55 %. | .32 | | .32 |
| **Total earnings from money funds** | | | **$ 2.82** | **$ 0.00** | **$ 2.82** |

## SALOMON SMITH BARNEY
A member of citigroup

**Preferred Client**
**Individual Retirement Account**
October 1 - December 31, 2001

Ref: 00000643 00014465

Page 5 of 5

KIMBERLY J CLIFTON    Account number █

| | Date | Description | Comment | Long Term | Short Term | Amount |
|---|---|---|---|---|---|---|
| **Capital gains distributions** | 12/17/01 | PIMCO INNOVATION FUND CLASS B | PERIODIC DIST ON 911.860 SHS REINV CAP GAIN RECORD 12/11/01 PAY 12/12/01 | $ .23 | | $ .23 |
| | **Total income from capital gains distributions** | | | **$ .23** | **$ 0.00** | **$ .23** |

*Information regarding commissions and charges will be made available to you promptly upon request. Please advise us of any material change in your financial objectives or financial situation. All checks written and deposited to your account must be made payable to Salomon Smith Barney Inc.*

*If you believe your statement is not correct, you must, within ten (10) days, contact either the Manager of the branch servicing your account or Salomon Smith Barney Inc., Attention: Compliance Department, 77 Water Street, 19th Floor, New York, NY 10005.*

Exh. "2"

Allianz Mutual Funds: PEA Target (now OCC Target); PEA Innovation; PEA Opportunity (now OCC Opportunity); PIMCO International; PIMCO Precious Metals; RCM International Growth Equity Fund (now RCM Disciplined International Equity Fund); PEA Renaissance Fund (now NFJ Renaissance Fund); PEA Growth Fund (now OCC Growth Fund); and PIMCO International Growth Fund (later called PIMCO/Allianz Select International Fund).

You may have held these funds through Allianz, or through a broker-dealer or other financial intermediary.

Defendants: Allianz Global Investors of America L.P.; Allianz Global Investors Distributors LLC; Allianz Global Investors Fund Management LLC; PEA Capital; as well as Stephen J. Treadway, Kenneth W. Corba, and John E. Cashwell, Jr., and certain persons/entities related to Bear Stearns, Banc of America, and Canary Capital Partners. See www.mutualfundsettlements.com/allianz

**Court-Ordered Legal Notice**

IN RE: MUTUAL FUNDS INVESTMENT
LITIGATION-ALLIANZ DRESDNER SUB-TRACK
C/O RUST CONSULTING, INC.
PO BOX 2324
FARIBAULT, MN 55021-9024

**IMPORTANT NOTICE ABOUT YOUR MUTUAL FUNDS**

0099420116

\*\*MIXED ADC 553
KIMBERLY J CLIFTON
SSB IRA CUSTODIAN
5612 SMU BLVD 201
DALLAS, TX 75206-5098

PRESORTED
FIRST-CLASS MAIL
U.S. POSTAGE
PAID
Rust Consulting, Inc.

0015570

### You May Be Included In A Class Action Settlement Involving Mutual Funds

A Settlement has been reached in a class action lawsuit about whether the Defendants improperly permitted market timing, or excessive short-term trading, in certain Allianz Mutual Funds (see front of postcard). The Defendants deny they did anything wrong. The two sides disagree on how much money, if any, could have been won if the case went to trial. The Settlement resolves the case against the Defendants, and will pay money to eligible Class Members.

**Who's Included?** You are included if you owned or held shares in certain Allianz Mutual Funds (see front of postcard) anytime from February 23, 1999 until February 17, 2004. You may have held these shares through Allianz, or through a broker-dealer or other financial intermediary.

**What Can You Get?** Certain Allianz-related Defendants will contribute $9,750,000 to a Settlement Fund, plus most related notice and administrative expenses, and certain other Defendants will contribute $862,500 (the "Settlement Benefit"). The Fund will pay eligible Class Members who are entitled to a distribution of $10 or more according to a Settlement formula. The exact amount, if any, of your payment will be determined according to a Court-approved Plan of Allocation (available at the website listed below), and varies by the specific Allianz Mutual Fund you owned. Your payment may be reduced on a proportional basis if the claims exceed the amount available in the Settlement Fund. The estimated per share recovery ranges from $.002 to $.193. The Court has appointed attorneys (Wolf Popper LLP, 845 Third Ave., New York, NY 10022, (212) 759-4600) to represent the Class. Class Counsel has requested attorneys' fees of up to 25% of the Settlement Benefit and expenses of up to $300,000 (ranges from $.001 to $.063 per share), and Plaintiffs who were named as Class representatives may ask for up to $50,000 for their expenses. These expenses will be paid directly from the Settlement Fund.

**How to Get Money?** If you are an eligible Class Member and you owned shares directly through Allianz, you will automatically get a payment if you remain in the Class. However, if you owned your shares through a financial intermediary you will need to submit a claim form by **December 8, 2010** in order to get a payment. You can still get a payment even if you receive money from a previous SEC settlement involving the Allianz Mutual Funds.

**Your Other Rights.** If you do not want to be legally bound by the Settlement, you must exclude yourself by **September 21, 2010**; otherwise you will not be able to sue the Defendants for any claim relating to this lawsuit. If you stay in the Settlement, you may object to it by **September 21, 2010**. The Court will hold a hearing on **October 21-22, 2010** to consider whether to approve the Settlement and the requested attorneys' fees. If you wish, you or your own lawyer may ask to appear and speak at the hearing at your own cost.

**For more information or a Claim Form: 1-800-243-8544 or www.mutualfundsettlements.com/allianz**